John J. Lucas (Bar No. 216236)
Email: jlucas@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile:  (310) 943-2085

John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

Attorneys for Plaintiff,
SHANE STOTSENBERG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE STOTSENBERG, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) DEFAMATION PER SE;** |
| | **(2) DEFAMATION;** |
| JAKE BURT, an individual; JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.69.181.13 ADMINISTERING INSTAGRAM ACCOUNT LURED_BY_LOLIPOP_RECORDS; and DOES 1-10, inclusive, | **(3) INTENTIONAL/TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS; AND** |
| Defendants. | **(4) INTENTIONAL/TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS** |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Shane Stotsenberg ("Plaintiff" or "Stotsenberg") complains against Defendants Jake Burt ("Burt"), John Doe Subscriber Assigned IP Address 75.69.181.13 Administering Instagram Account lured_by_lolipop_records ("Lured") and DOES 1-20, inclusive (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendants' repeated false and defamatory statements, in written and video posts published online and made available to members of the public, and in oral statements made to members of the public, about Plaintiff, a musician.  Specifically, Defendants have stated outright that, among other things, Plaintiff is a violent sexual abuser and a serial rapist.  Simply put, these claims are unequivocally false.

2.      Defendants have not only published and disseminated such incendiary and false statements about Plaintiff, they have further communicated these false narratives to numerous individuals and entities with whom Plaintiff has prospective or existing business relations, including but not limited to concert venues at which Plaintiff had contracted to perform with his band, with the express intent to cause such individuals and entities to not do business with Plaintiff, his band and his record label.  Based on these defamatory statements, and on Defendants' unlawful interference with Plaintiff's existing contractual relations, the venues canceled those performances, resulting in substantial damage to Plaintiff.

3.      In any environment, such a baseless assault on an individual's character and good name would constitute an unconscionable attack on that individual's standing within the community and ineluctably compromise that individual's personal and professional life.  But, in the current zeitgeist, where many serious and real revelations about sexual misconduct in various industries have come to light (such that even a whiff of such allegations of wrongdoing can lead to immediate ostracization and exile, if not worse), such slander and libel is even more pernicious. While severe economic, social and legal punishment is entirely appropriate for the

**COMPLAINT**

individuals who have, for all too long, engaged in sexual abuse, harassment and assault without any consequence, Plaintiff is not one of those individuals.

4.      Defendants have disingenuously exploited the #MeToo movement to garner attention for their destructive and unremitting campaign of slander against Plaintiff—a campaign borne not out of any true concern for the victims of sexual abuse or any real solidarity with the #MeToo cause but, rather, out of a long-running, misguided internecine struggle whereby Defendant Burt has, by his own admission, sought to destroy the lives of his uncle (Plaintiff, Shane Stotsenberg) and his grandfather (Plaintiff's father, Henry Stotsenberg) at any cost.  In the process, Defendants have not only broken the law, but they have done a profound disservice to the real survivors of sexual misconduct everywhere and undermined the vigor and power of the transformative #MeToo movement—behind which Plaintiff, his band and his record label proudly stand.

## PARTIES

5.      Plaintiff Shane Stotsenberg is an individual residing in Los Angeles County.

6.      Defendant Jake Burt is an individual who, on information and belief, was, at all relevant times, domiciled in Allston, Massachusetts.

7.      Defendant Lured is the individual(s) who own(s), operate(s), and/or control(s) the account named "lured_by_lolipop_records," which resides at the URL http://www.instagram.com/lured_by_lolipop_records on the internet service Instagram.

8.      Based on records produced by Instagram, Defendant Lured accessed the relevant account using the IP address of 75.69.181.13 at various times, including 2020-07-25 06:46:38 UTC, 2020-08-08 11:03:52 UTC, 2020-08-03 20:08:50 UTC, 2020-07-25 06:46:40 UTC.  Said IP address is owned, controlled and/or operated by internet service provider Comcast Cable Communications, LLC, and Plaintiff will seek leave of Court to pursue early discovery to subpoena Comcast Cable

3

**COMPLAINT**

Communications, LLC to obtain the identity of the individual using the IP address 75.69.181.13 to access Instagram at the relevant times detailed above in order to effectuate service of process on Defendant Lured.

9.     Defendants DOES 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these Defendants when the same have been ascertained.  Plaintiff is informed and believes, and based thereon, alleges, that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue in this Judicial District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims, including the injury to Plaintiff, occurred in this District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California and their purposeful availment thereof.

12.     Plaintiff is informed and believes, and based thereon, alleges, that at all times herein relevant, each of the Defendants was the alter ego, agent, servant, representative and employee of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of their respective principals.

/ / /

/ / /

/ / /

## **RELEVANT FACTUAL BACKGROUND**

13.     Plaintiff is the lead guitarist for a rock band named the Mystic Braves. The music of the Mystic Braves is distributed by the label Lolipop Records ("Lolipop").

14.     Plaintiff's father, Henry Stotsenberg, is a co-owner of Lolipop. Defendant Burt is Henry Stotsenberg's grandson and Plaintiff's nephew.

15.     As such, Defendant Burt's attacks against Plaintiff and his record label are direct attacks against his own uncle and grandfather.

16.     Mr. Burt has a long history of acrimony with his grandfather (Henry) and his uncle (Plaintiff).  This tension started many years ago and has long pertained to strong differences of opinion on political, cultural and personal matters (and has nothing whatsoever to do with sexual misconduct).

17.     Despite the tensions in the family, Plaintiff and his father have always wanted nothing but the best for Defendant and have always sought to assist him in any way possible, particularly with any mental health and financial issues he might have.  For example, on May 15, 2020, Burt reached out to his grandfather, Henry Stotsenberg, saying that he was thinking about coming to Los Angeles and asking whether Henry might provide him a job at Lolipop if he did move to Los Angeles. As Defendant wrote, "I will literally do any job!"  Hoping this opportunity could relieve the tension in their relationship, Henry responded warmly and affirmatively, telling Plaintiff, "Sure, let me know when you are here."

18.     Unfortunately, for reasons unknown to Plaintiff and his father, things changed dramatically only a few weeks later.  Unprompted, Burt texted Henry several times on June 4, 2020, suddenly making unfounded accusations about Henry's personal and political beliefs in an aggressive and belligerent manner.

19.     Among other things, Burt launched into a political diatribe about defunding the police, accusing Henry of standing in the way of "peace and justice" and condemning Henry for his allegedly "oppressive beliefs and actions."  In the

process, Burt expressly threatened Henry, warning Henry that, "You will see when you become a target yourself soon enough.  People will move to defund any business you are tied to because of your oppressive beliefs and actions;" "There will be no mercy for you from this movement;" and "This won't be the last you here [sic] from me but it will he [sic] the last you hear from me as a family member."

20.   Unfortunately, Burt backed up his promises with action and quickly launched an unremitting campaign hellbent on destroying everything dear to Henry, including his record label (Lolipop Records) and the reputation and career of his son (Plaintiff)—regardless of, and in reckless disregard of, any concern for the truth.  In the process, Burt has made incendiary accusations of sexual predation against Plaintiff, which he has disseminated widely to the music community, he has organized and coordinated efforts to have Plaintiff's band's shows cancelled—including by threat of violence—and he has sought to destroy Plaintiff's career and shut down Plaintiff's record label.

21.   Specifically, and by way of illustration, under the account name "notintuition," Burt has posted stories and videos on his personal Instagram page, which is located at the URL https://www.instagram.com/notintuition/?hl=en, that have stated, in no uncertain terms and without equivocation, that Plaintiff "is a rapist and abuser." He further has claimed that Plaintiff "has now been accused of rape many times."

22.   These statements are unequivocally false.  Plaintiff has never raped or sexually abused anyone.  Moreover, no one has ever accused Plaintiff of rape, let alone "many times."  Furthermore, by Burt's own admission in his videos, his own purported experience with Plaintiff did not involve rape or sexual abuse of any kind.[1]

---

[1]   Burt has also, incidentally, posted many false claims about Henry and Plaintiff's record label, including that Henry and Lolipop "bully" and "harass" and

**COMPLAINT**

23.     For the past year, Burt has continued his unwarranted, unsupported and malicious assault of the reputation of Plaintiff with such statements that he has represented as fact and he has refused to back down or take back these words. Indeed, Burt has recently doubled down on his spurious slander of Plaintiff.  In a video posted on his personal Instagram account on or about September 1, 2021, he once again referred to Plaintiff as "my uncle the rapist" and later stated that "everything I've said about [Plaintiff] is true."

24.     Defendant Lured is also an Instagram account, located at the following address: https://www.instagram.com/lured_by_lolipop_records/?hl=en.

25.     The Lured account purports to be dedicated to providing a forum for victims of sexual abuse, assault and harassment in the music industry at large, but, as it curiously states, "Mostly pertaining to Lolipop Records of LA."  The account was registered on July 25, 2020 and has continuously operated under a cloak of anonymity since then.

26.     While Burt has denied that he is behind the Lured account, on information and belief, Burt and/or his associates own(s), operate(s) and/or control(s) the Lured Account.  Based on records produced by Instagram, the administrator of the account logged into it numerous times, including 2020-07-25 06:46:38 UTC, 2020-08-08 11:03:52 UTC, 2020-08-03 20:08:50 UTC, 2020-07-25 06:46:40 UTC, from the IP address 75.69.181.13.  Said IP address is registered to the internet service provider Comcast Cable Communications, LLC and, using geolocation tools publicly available online, it resolves to the location of Brookline, Massachusetts, which is adjacent to Allston, Massachusetts.

27.     According to public records, Burt resided at 22 Royal Street, Allston, Massachusetts 02134-1518 at the time of these logins.

---

"threaten" "rape and assault victims" and that Lolipop has a "culture of abuse, grooming, assault, and rape."  These claims are also false.

7

**COMPLAINT**

28.     By pusillanimously hiding under a cloak of anonymity, Lured has perpetuated a fraud on the public, as readers of the account mistakenly believe it is the work of a woman, rather than a man, and one who has suffered from sexual abuse.  The public is also led to believe that the account comes from an unbiased third party when, in fact, it is owned, operated and/or controlled by the grandson of Henry Stotsenberg, one of the owners of Lolipop, and it is being weaponized as part of a decades-old dispute Burt has had with his family.

29.     The public has no idea that the Lured account and the spurious accusations it contains are nothing more than a galling and disingenuous misuse of the #MeToo movement to serve Mr. Burt's personal agenda of animus against his family.  Such actions are not only fraudulent and unconscionable; but they also only end up harming the credibility of real victims of sexual abuse and sabotage the critical mission of others to serve those who so desperately need a voice in the fight for justice.  Instead, the Lured account has callously misappropriated the #MeToo cause and cynically repurposed it into a means by which Burt can launch a new skirmish in his campaign of vengeance against his own family.

30.     Lured also stated, without equivocation, in numerous posts that Plaintiff is a "rapist" and a "child abuser."  Indeed, as recently as September 1, 2021, Lured libeled Plaintiff in a posted on its Instagram page that read:  "To be blatantly clear.  Shane Stotsenberg is a serial abuser . . . Shane is a rapist.  Shane is abusive and continues to prove this."

31.     These recent comments are the culmination of a wave of damaging falsehoods maliciously disseminated by Lured on its account over the past year, including unfounded and outlandish accusations against Lolipop Records and its principals of aiding and abetting—if not perpetrating—contemptible and/or criminal acts, including rape, sexual harassment, sexual assault, and pedophilia.

32.     In the midst of Defendants' campaign to ruin Plaintiff and his father, the Mystic Braves had contracts with various venues in Southern California to

perform in early August of 2021.  More specifically, the band was scheduled to perform at Slo Brew in San Luis Obispo on August 4, 2021, Tiki Bar in Costa Mesa on August 5, 2021, and the legendary Casbah in San Diego on August 6, 2021.  The shows were announced and publicized, the tour heavily marketed and tickets were selling briskly.

33.     Defendants learned of these shows, and, in a direct attempt to threaten Plaintiff's ability to make a living and do what he loves, they ramped up their campaign of lies in order to persuade the venues not to allow the band to play the shows.  Unfortunately, they succeeded.

34.     In particular, Defendants posted the above-referenced false claims on both Burt's and Lured's Instagram pages.  Defendants also directly messaged the venues or commented on the venues' Instagram pages, demanding that cancel the shows on the basis of claims that Plaintiff is a "rapist," and attempting to shame fans of the band who had commented positively about the band online.

35.     The communications with the venues not only disseminated false statements about Plaintiff but they also contained threats—both veiled and express—of violence and chaos.  For example, a protest phone call placed to Slo Brew's corporate office contained various comments that "alarmed [its] owners." And when Tiki Bar in Costa Mesa announced that the Mystic Braves would perform there on August 5, 2021, one online commenter made the following direct threat of violence in an online posting on July 18, 2021:  "Fuck that.  The boys coming ready Thursday then.  Fuck rapists and fuck their hosts.  We coming ready to throw down."  In other words, Defendants and/or their co-conspirators were threatening violence and/or, at a minimum, their false allegations about Plaintiff were inspiring violence.  On information and belief, these statements were made and posted by Defendants and/or by someone else with their encouragement, cooperation, and/or assistance.

**COMPLAINT**

36.     In a July 19, 2021 email, Tiki Bar referenced the post cited directly above and stated that it was canceling the Plaintiff's band's show "[f]or the safety of everyone involved."

37.     In response to the pressure from Defendants' campaign of lies and the threats of violence these lies inspired (or, worse yet, threats of violence made or encouraged by the Defendants themselves), the other two venues (Casbah and Slo Brew) also canceled the respective shows.

38.     In addition, the band was in discussions with various other venues, such as Pappy + Harriet's and the Knitting Factory, during that time period to schedule shows.  Those other venues decided not to allow the Mystic Braves to perform due to the false and damaging claims against Plaintiff.

39.     To make matters even worse, the hints at violence were not merely theoretical or just threatened.  Actual violence has, in fact, already occurred as a direct and proximate result of Defendants' unceasing campaign to destroy Plaintiff's reputation and professional standing.

40.     Specifically, while attending a July 4th party, Plaintiff and his girlfriend were assaulted by another partygoer, Claudia Varoujan.  Varoujan is a frequent contributor to empowerment.la, an Instagram account closely associated with Lured.  At the event, Varoujan, who was visibly intoxicated, parroted Defendants' false accusations against Plaintiff, berated him and his girlfriend, and proceeded, in front of eyewitnesses, to punch Plaintiff's girlfriend, choke her, and wrestle her to the ground.  Friends had to pull Varoujan off of Plaintiff's girlfriend, and she spit in another woman's face as she walked away.  Varoujan is now facing civil litigation for her vicious attack on Plaintiff's girlfriend, and several eyewitnesses have provided sworn declarations under penalty of perjury confirming Plaintiff's account of the assault.

41.     Further, Defendants' false allegations have damaged Lolipop as well. By way of illustration, for example, John Congleton, a Grammy award-winning

10

**COMPLAINT**

producer, had planned to lease space from Lolipop for $75,000, but pulled out of the deal after learning of Defendants' false allegations.

42.     All told, Defendants' actions have doggedly besmirched the good name of Plaintiff, his family, his band and his record label by accusing them of aiding and abetting—if not perpetrating—contemptible and/or criminal acts, including sexual harassment, sexual assault, and pedophilia. The veritable avalanche of demonstrably false statements that Defendants have recklessly published and publicly distributed regarding Plaintiff, his family, his band and his record label evidences an unwavering and malicious commitment to destroying the lives of those targeted without any regard for the truth.  The slanderous campaign has not merely injured Plaintiff, his band, his record label and his family; just as perniciously, it has harmed the real victims of sexual abuse and misconduct and has set back the very cause that Defendants purport to support.

43.     Plaintiff has made every attempt possible to remediate this situation without the need to resort to litigation.  Among other things, Defendant Burt and Defendant Lured have been provided notice of their unlawful conduct and the falsity of their claims and have received specific demands to cease and desist the posting (and continued publication) of such defamatory materials.  However, rather than remove these allegations and issue a retraction and an apology, they have doubled down on their misconduct and willfully persisted in their relentless campaign of defamation and hate against Plaintiff.

44.     Plaintiff and his father love Mr. Burt and care deeply about him.  But Mr. Burt's actions have given Mr. Stotsenberg no choice but to file this lawsuit.

## FIRST CLAIM FOR RELIEF

### Defamation Per Se

45.     Plaintiff hereby repeats, re-alleges, and incorporates Paragraphs 1-44 above, as though set forth fully herein.

46.     Defendants repeatedly posted comments and videos on the Internet about Plaintiff and made oral statements about Plaintiff, claiming, among other things, that Plaintiff had abused Burt, sexually assaulted others, is a sexual predator, and a serial rapist.  Defendants' false statements pertain, among other things, to accusations of sexual misconduct, criminal activity and behavior incompatible with proper conduct of business, trade or profession and, as such, constitute defamation per se.

47.     Defendants made these false and defamatory statements publicly, both orally and in writing.

48.     In these statements, Defendants identified Plaintiff by name, so there can be no question that the public understood these false statements to be allegations against Plaintiff.

49.     Based on Defendants' repeated false statements and based on the reaction of third parties that demonstrated that the third parties had believed the false allegations to be true, the public reasonably understood the false allegations to mean that Plaintiff is indeed an abuser and a sexual predator.

50.     As stated many times herein, Defendants' statements were, and are, false.  Moreover, Defendants made said statements with knowing or reckless disregard of the truth thereof, and Defendants further failed to use reasonable care to determine the truth or falsity of such statements.

51.     Defendants' false statements about Plaintiff have injured Plaintiff in his business and have caused damage to his reputation in both the music industry and in the community at large.  Plaintiff will prove the amount of his damages at trial.

52.     In engaging in the conduct described herein, Defendants acted with fraud, oppression and/or malice.  Accordingly, Plaintiff also is entitled to an award of punitive damages against Defendants.

/ / /

/ / /

**COMPLAINT**

1

## SECOND CLAIM FOR RELIEF

2

### Defamation

3      53.     Plaintiff hereby repeats, re-alleges, and incorporates Paragraphs 1-44

4  above, as though set forth fully herein.

5      54.     Defendants repeatedly posted comments and videos on the Internet

6  about Plaintiff and made oral statements about Plaintiff, claiming, among other

7  things, that Plaintiff had abused Burt, sexually assaulted others, is a sexual predator,

8  and a serial rapist.

9      55.     All of these comments and allegations, made to members of the public,

10  are false and defamatory, and no privilege exists to protect Defendants' false

11  statements.

12      56.     Defendants made said statements with knowing or reckless disregard of

13  the truth thereof, and Defendants further failed to use reasonable care to determine

14  the truth or falsity of such statements.

15      57.     Defendants' false statements about Plaintiff have injured Plaintiff in his

16  business and have caused damage to his reputation in both the music industry and in

17  the community at large.  Plaintiff will prove the amount of his damages at trial.

18      58.     In engaging in the conduct described herein, Defendants acted with

19  fraud, oppression and/or malice.  Accordingly, Plaintiff also is entitled to an award

20  of punitive damages against Defendants.

21

## THIRD CLAIM FOR RELIEF

22

### Intentional/Tortious Interference with Contractual Relations

23      59.     Plaintiff hereby repeats, re-alleges, and incorporates Paragraphs 1-44

24  above, as though set forth fully herein.

25      60.     Plaintiff and his band had contracts to play at Slo Brew in San Luis

26  Obispo on August 4, 2021, Tiki Bar in Costa Mesa on August 5, 2021, and The

27  Casbah in San Diego on August 6, 2021.

28

**COMPLAINT**

61.     Defendants knew or should have known of each of these contracts, as evidenced by their repeated Internet posts about Plaintiff that they directed at each of the venues and the phone calls they made and emails that they sent to representatives of such venues.

62.     As a result of the defamatory statements that Defendants made about Plaintiff, each of the venues canceled the respective shows.

63.     Based on the content of the various posts, there is no question that Defendants' intent was to disrupt the various contracts, and for the venues to cancel the shows.

64.     Defendants' actions harmed Plaintiff by, among other things, causing Plaintiff to lose revenue that he would have earned had the venues not canceled the shows.

65.     Defendants' intentional and/or tortious actions were a substantial cause of the damage Plaintiff has suffered from these cancellations, the amount of which Plaintiff will prove at trial.

66.     In engaging in the conduct described herein, Defendants acted with fraud, oppression and/or malice.  Accordingly, Plaintiff also is entitled to an award of punitive damages against Defendants.

## FOURTH CLAIM FOR RELIEF

### Intentional/Tortious Interference with Prospective Economic Relations

67.     Plaintiff hereby repeats, re-alleges, and incorporates Paragraphs 1-44 above, as though set forth fully herein.

68.     In addition to the actual contracts for performances discussed above, The Mystic Braves also were supposed to perform at Pappy + Harriet's in Pioneertown, California, and at one of the many Knitting Factory locations, but they had not finalized a contract.

69.     On information and belief, Defendants knew or should have known of these potential shows as well.

14

**COMPLAINT**

70.     In publishing the above-described false and defamatory statements about Plaintiff, Defendants committed intentionally and/or tortiously wrongful acts that Defendants intended would disrupt the relationship between the band and Pappy + Harriet's and the Knitting Factory.

71.     As a result of the defamatory statements and the negative publicity related thereto, Pappy + Harriet's and a representative of the Knitting Factory informed the band that they could not perform at those venues.

72.     Defendants' intentional and/or tortious actions caused Pappy + Harriet's and the Knitting Factory to cancel the potential shows, which caused Plaintiff damage in an amount that Plaintiff will prove at trial.

73.     The independent wrongful act that supplements Defendants' interference is the defamation described at length herein.

74.     In engaging in the conduct described herein, Defendants acted with fraud, oppression and/or malice.  Accordingly, Plaintiff also is entitled to an award of punitive damages against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shane Stotsenberg prays for judgment against Defendants, as follows:

1.     That judgment be entered in favor of Plaintiff and against Defendants;

2.     For damages in an amount to be proven at trial;

3.     For special and punitive damages;

4.     For all costs incurred in connection with this lawsuit;

5.     For an injunction permanently enjoining Defendants and their associates and co-conspirators from making, posting or publishing in any way any further false statements of or concerning Plaintiff, Plaintiff's family, Plaintiff's band and Plaintiff's record label, and for an order requiring Defendants and their associates and their co-conspirators to remove and publicly retract all published

false statements of or concerning Plaintiff, Plaintiff's family, Plaintiff's band and Plaintiff's record label; and

6.      For such other and further relief as the Court deems just and proper.

Dated:  September 21, 2021             **ONE LLP**


                                       By: /s/ John J. Lucas
                                           John J. Lucas
                                           John Tehranian
                                           Attorneys for Plaintiff,
                                           Shane Stotsenberg

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable under the law.

Dated:  September 21, 2021                    **ONE LLP**

By: /s/ John J. Lucas
   John J. Lucas
   John Tehranian
   Attorneys for Plaintiff,
   Shane Stotsenberg

17
**COMPLAINT**